KANNER, Acting Chief Judge.
Appealing from judgment of conviction and sentence rendered after jury trial below, defendant directs his attack to certain intratrial occurrences as to which he asserts error on the part of the trial judge. The offense under which defendant was charged and convicted was larceny of a semi-trailer and 435 boxes of oranges.
Since the case must be reversed upon the basis of defendant’s first appeal point, we find it necessary to consider only the question which that point raises. Under this, the problem which arises relates to the propriety of the action of the trial judge in sustaining the state’s objection to certain questions posed during cross examination of a state’s witness by defendant’s counsel. That objection halted a line of inquiry purporting to elicit from the witness testimony that defendant had been acquitted of two separate offenses to which that witness had testified.
It appears that the state’s witness, in re-\ sponse to a question by the prosecutor, replied that he and defendant upon an earlier occasion had stolen a truck; then on cross, he was asked what truck he was referring to. The witness’s answer was, “Well, we stole both of them. Me and him.” Counsel for defendant then asked the witness if that was the truck involved when he had testified as a state’s witness against defendant in another criminal trial. At that point the state interposed its objection, essentially upon the ground that the question was incompetent, immaterial, and irrelevant to the cause and that it referred to cases either pending or tried in other jurisdictions, with no bearing on the offense then being tried. The court, sustaining the objection of the prosecutor, said, “I don’t think you can show it this way * * *. You are entitled to cross examine the witness, but not to prove your defense by this witness on cross examination.” Proffer was submitted by defendant showing that there were two prior criminal trials involving theft of a trailer with boxes of oranges and a truck, respectively, with the witness for the state in the present case testifying in each of the other causes as a State’s witness and with *806 defendant being acquitted by the jury in both instances.[1]
The state asserts that evidence of defendant’s alleged acquittal of the separate offenses testified to was not admissible. Conceding that there were several times when the witness made reference to commission of the independent offenses in which he and the defendant were involved, the state reasons that this did not constitute testimony relative to any convictions therefor; that had the witness testified defendant had been convicted of the offenses, the evidence might well have been admissible, but that he simply said when questioned that he and defendant had stolen the objects involved on those separate occasions. Under argu-endo concession that such evidence was admissible, the state submits that defendant was free to produce certified judgments and sentences and certification by the clerk of the court as to results of trials relative to the offenses testified to, that he could have taken the stand himself under oath, or could have suggested that the court hear independent testimony of other witnesses who had certain knowledge of his acquittals.
The Florida case of Coco v. State, Fla. 1953, 62 So.2d 892, deals broadly with cross examination of a witness upon a subject dealt with under direct examination. The court enunciated two established principles: 1) If a question falls within the scope of direct examination, it is not subject to objection on cross examination because it tends to establish a defense to the action, and 2) that the rule prohibiting proof of defensive matter upon cross examination never applies in instances where the adverse party is simply seeking through the cross examination to disprove, weaken, or modify the case against him which the witness himself has made.
The course of cross-questioning begun by defendant’s counsel, as seen by his proffer, was for the purpose only of eliciting from the prosecuting witness, an alleged accomplice, that defendant had been acquitted of the very offenses which that witness upon direct inquiry had charged him with having committed. Thus it is seen that this was a situation which came within the range of the two principles enunciated in the Coco case as stated above. If, upon cross-questioning as to defendant’s acquittal, the witness did not know, he could have said so; also, the trial court could have excluded or stricken any testimony which was hearsay or outside the scope of the witness’s own knowledge.
The method of defendant’s offering to show acquittal through his own defense, if pursued, could under certain circumstances affect the strategy of this case by causing him to lose the right to closing argument. Here the defendant neither testified nor offered any testimony on his own behalf. It is reasonable to assume that a jury could infer, as defendant urges, that the testimony of the witness, an alleged accomplice, carried with it the inference of defendant’s guilt as to the earlier offenses.
*807 It must be said that the trial judge erred in denying defendant the right to cross examine the witness as to whether he actually knew that defendant had been acquitted of the offenses to which that witness had testified. The judgment with sentence is reversed, and the cause is remanded for a new trial.
Reversed and remanded.
SMITH and WHITE, JJ., concur.

. “Mr. Ragano: We proffer to show, if your Honor please, before the fury, that this witness, Pete Bray, who is a key witness for the State in a case before this Court at this time, testified as a key witness for the State of Florida in the cases of the State of Florida versus Ronald Watson, the first bearing No. 31224, which was tried in the Criminal Court of Record in and for Polk County, Florida, on February 23, 1960, wherein Ronald Watson was charged with stealing five hundred boxes of oranges and one Great Dane trailer, being the property of Minute Maid Corporation; and lhat the defendant was acquitted in that case. And it is one of the offenses to which this defendant has testified on direct examination.
“And in the second case that was tried in the Criminal Court of Record in and for Polk County, Florida, on March 24, 1960, bearing No. 31372, State of Florida versus Ronald Watson, wherein Ronald Watson was charged with stealing a Chevrolet track, or buying, receiving or aiding in the concealment of one stolen truck, wherein this witness was a key State’s witness against the defendant, Ronald Watson, and in that case, Ronald Watson was acquitted by the jury.”