PER CURIAM.
Petitioner here asserts that the decision of the District Court of the Third District in this case, 180 So.2d 355, is in irreconcilable conflict with the decision of this Court in Benefield v. State, 160 So.2d 706, and the decision of the District Court of Appeal, Second District, in Watson v. State, 134 So.2d 805.
We find nothing in the decision below that conflicts with the decision in Benefield. The following language, however, in the case sub judice, viz:
“During the trial, an accomplice, Stubs, testified, over objection, as to two other robberies in which he and the defendant were alleged to have participated. In cross-examination, defense counsel *594 attempted to present to the jury the fact that the defendant had been acquitted for the robbery of one of the other places •mentioned. The State’s objection was sustained and Stubs was not permitted to testify as to the acquittal of the appellant.
“The ruling of the trial court was correct inasmuch as the record of a former ■acquittal was the proper method to establish this fact and not by cross-examination of the accomplice. The record of the court showing acquittal of the appellant would have been the best evidence, and the trial court was correct in its ruling.”
is hereby approved as the correct decision. The decision in Watson insofar as it conflicts with the above quoted language is hereby overruled.
On the merits the decision of the District Court of Appeal is hereby affirmed.
ROBERTS, DREW, O’CONNELL, CALDWELL and ERVIN, JJ., concur.
THOMAS, J., dissents with opinion.
THORNAL, C. J., dissents and agrees with THOMAS, J.