208 So.2d 625 (1968)
Darrell Gene BLACKBURN, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-326.
District Court of Appeal of Florida. Third District.
April 2, 1968.
Robert L. Koeppel, Public Defender and Marvin J. Emory, Jr., Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen. and Arden M. Siegendorf and Arthur L. Rothenberg, Asst. Attys. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
The defendant, Darrell Gene Blackburn, was charged in a two count information with: (1) breaking and entering a dwelling and unlawfully assaulting a person therein, and (2) attempted crime against nature.
Defendant entered a plea of not guilty and was tried before a jury, found guilty and sentenced to life imprisonment on the first count and five years on the second count, to run concurrently.
The evidence shows that the defendant did break and enter the apartment of a young woman in Dade County and did attempt to commit a crime against nature upon her on May 9, 1966.
Over the objection of defense counsel, the trial judge permitted another young woman who lived in the same apartment house to testify to a similar attack upon her in her apartment on April 30, just ten days prior to the acts complained of in the instant case. The witness testified that the defendant was tried for the April 30 crime about which she was testifying and found not guilty by a jury.
*626 Defendant's first point on appeal raises the question of admissibility of the testimony of the witness relating to a similar crime alleged to have been committed by the defendant for which he had been tried and found not guilty. It is defendant's contention that the admission of such evidence constituted reversible error. We do not agree.
It is not error to allow evidence of crimes other than the one with which defendant is charged if it is relevant to prove the case on trial by establishing a common scheme or plan, identity, motive, intent or absence of mistake. Williams v. State, Fla. 1959, 110 So.2d 654; Talley v. State, 160 Fla. 593, 36 So.2d 201 (1948).
Evidence of other crimes of the same nature being admissible at the trial of the defendant herein, such evidence does not become inadmissible as claimed by defendant solely because the defendant had been acquitted on a trial of a charge of such other crime. Chippas v. State, Fla. 1967, 194 So.2d 593; Watson v. State, Fla.App. 1961, 134 So.2d 805; and cases collected in 86 A.L.R. 2d 1132 (1962).
It is the state's position that the evidence complained of was admissible in support of its theory that the defendant used the same pattern in both the other attacks; that he concentrated his criminal assaults in the same neighborhood; that he preyed upon young, single, attractive women and that he gained entrance to the victims' apartments in much the same manner, and that such evidence tended to establish defendant's identity.
We hold that the trial court did not err in overruling defendant's objections to such evidence.
Defendant next argues as ground for reversal that the statements made by the defendant to Officer Leonard were inadmissible because they were obtained in violation of the defendant's right to counsel under the sixth and fourteenth amendments of the United States Constitution.
Appellant contends that the state failed to carry its heavy burden of demonstrating that the defendant knowingly and intelligently waived his right to counsel. Therefore, the testimony of Officer Leonard as to statements made by the defendant was inadmissible and constituted reversible error. We find no merit in this contention. See Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Maes v. People, Colo. 1966, 418 P.2d 891.
No reversible error having been made to appear, the judgment and sentence are affirmed.
Affirmed.
PEARSON, Judge (dissenting).
The controlling point upon this appeal is whether the trial court committed reversible error by allowing evidence, over objection, that the defendant was previously charged with the commission of a similar crime and had been tried and acquitted. The point arose upon the testimony of a young woman who lived in the same apartment house as the victim in the instant case. Her testimony was that: (1) the defendant made a similar attack upon her; (2) she could not identify the defendant at the trial where he was acquitted, and (3) she could now identify him with certainty.
It is clear the evidence would have been admissible if (1) the defendant had not been tried for the alleged similar offense or (2) the defendant had been convicted of the similar offense. Williams v. State, Fla. 1959, 110 So.2d 654. In addition, it should be noted that most of the reported cases support the decision of the majority. See cases cited in annotation at 86 A.L.R.2d 1132 (1962). But there is a contrary view, and I think it is the only view consistent with a fair trial. See State v. Little, 87 Ariz. 295, 350 P.2d 756, 86 A.L.R.2d 1120 (1960); People v. Ulrich, 30 Ill.2d 94, 195 N.E.2d 180 (1964).
The law of this State has been solidified upon the subject of evidence tending to *627 prove a separate crime by Williams v. State, supra. The sole test is relevancy. Thus, the question is whether the testimony from a prosecutrix of a former trial, that a defendant is guilty of a similar crime even though the jury found him not guilty of the similar crime, is relevant to defendant's guilt upon a new charge. It is my conclusion that the present charges should stand or fall on their own facts and relevancy can only be achieved by disregarding the acquittal.
It is not in keeping with traditional principles of the criminal law when a citizen can be again tried for a crime of which he has once been acquitted. See Constitution of the State of Florida, Declaration of Rights, Section 12, F.S.A. I would reverse and remand for a new trial.