OWEN, Judge.
Appellant was convicted of breaking and entering a dwelling house with intent to commit a felony therein, to-wit: rape. The evidence was more than sufficient to sustain the conviction and appellant makes no challenge on this score. His sole point on appeal is that the court erred in denying his pretrial motion to dismiss based upon the grounds of former jeopardy and collateral estoppel, by virtue of his having been theretofore indicted, tried and acquitted of the charges of rape and assault with intent to commit rape involving the same set of circumstances.
Prior acquittal on the.charges of rape and assault with intent to commit rape does not bar (on the grounds of former jeopardy) a subsequent prosecution of the same person on the separate substantive offense of breaking and entering with intent to commit (the felony of) rape. State v. Conrad, Fla.App.1971, 243 So.2d 174.
*452 The constitutional guarantee against double jeopardy does embody the rule of federal law known as collateral estoppel, Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) which is defined as meaning simply “that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future law suit.” (90 S.Ct. at 1194) Because the previous judgment of acquittal was based upon a general verdict, we need to “examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.” (90 S.Ct. at 1194)
Although the entire record of the prior proceeding has not been furnished us, we do have as an appendix to appellant’s brief a certified copy of the prior trial proceedings in which the appellant was acquitted. Without detailing that evidence, suffice it to say that it establishes overwhelmingly and without contradiction that appellant was one of two men who took turns having sexual relations with the alleged victim in her dwelling on the night alleged in the indictment. The only rationally conceivable basis for the jury’s verdict of acquittal is that the jury determined as a fact that the sexual acts occurred with the consent of the alleged victim. Thus, this (and nothing more) is the only ultimate fact which we can properly conclude has been determined by the prior judgment of acquittal.
The fact that after appellant had broken and entered the alleged victim’s dwelling he had sexual relations with the victim under circumstances which a jury had determined to be neither rape nor assault with intent to commit rape, would not preclude a jury on a subsequent trial from determining that at the time of the breaking and entering appellant did so with the intent to commit the felony of rape. The gravamen of the offense is the breaking and entering of the dwelling with felonious intent. Taylor v. State, 1939, 138 Fla. 762, 190 So. 262.
We hold that the court was correct in denying appellant’s motion to dismiss. The judgment appealed should be affirmed.
Affirmed.
CROSS, C. T., and MAGER, J., concur.