RAWLS, Judge.
Appellant, Leon “Duck” Denson, appeals from a judgment of conviction and sentence for possession and sale of a narcotic drug on January 20, 1970.
The sole point on appeal is that the trial court committed error in allowing testimony concerning a second collateral crime. Denson was charged with possession and sale of a narcotic drug (heroin) on January 20, 1970. An undercover agent testified in detail as to how he met with defendant and arranged for the sale of the contraband. There was no question as to the identification of defendant or the sufficiency of the evidence to sustain a jury verdict of guilty upon this transaction. In fact, the evidence of defendant’s guilt was almost conclusive.
It is the subsequent evidence adduced by an over-zealous prosecutor which we find transformed this trial of the defendant for a heinous offense committed on January 20, 1970, from a “feature” into a sideshow. Williams v. State, 117 So.2d 473 (Fla.1960). Having established the elements of the January 20, 1970 crime, the State turned its full attention to parading before the jury a full review of the defendant’s subsequent criminal conduct. In response to direct questions posed by the prosecution the undercover agent testified that he met defendant on January 21, 1970, and again purchased two bags of heroin. The State then produced a witness who testified that he purchased a quantity of heroin from Denson on October 2, 1970 (some nine months after the date of the offense for which defendant was being tried). In sum, the State of Florida tried Denson for crimes allegedly committed on January 21, 1970, and on October 2, 1970; crimes for which he had not been informed against or charged. The record reflects that the State’s sole reason for presenting the evidence of the subsequent crimes was to show defendant’s propensity to commit the particular crime of possession and sale of narcotic drugs.
*443 This Court’s decision in Lucas v. State, 257 So.2d 261 (1 Fla.App.1971), is directly in point with the instant case. In Lucas, the defendant was charged with having performed an abortion on December 22, 1969. The State, after adducing clear-cut evidence as to defendant’s guilt, found it necessary to adduce evidence of two subsequent abortions performed by defendant on February 6, 1970, and March 7, 1970. Quoting from Green v. State, 190 So.2d 42 (2 Fla.App.1966), we stated: “ . . . evidence of other offenses is admissible to prove identity, to show a common scheme or design, to show guilty knowledge, to prove intent, motive or pattern, to show absence of mistake, to show a system of general pattern of criminality, to disprove an alibi, to disprove unlawful entrapment, or as part of the res gestae.” The following statement in Lucas v. State, supra, is apropos to the instant case:
“In this jurisdiction a citizen accused of committing a crime, no matter how heinous or reprehensible it may be in the eyes of society, is entitled to be informed as to the nature of the charge against him and afforded an opportunity to prepare his defense prior to being put to trial.”
The judgment of conviction is reversed, with directions to grant defendant a new trial.
Reversed.
JOHNSON, J., concurs.
SPECTOR, C. J., dissents.