277 So.2d 311 (1973)
J.D. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 72-420.
District Court of Appeal of Florida, Fourth District.
May 10, 1973.
*312 Richard L. Jorandby, Public Defender, Bruce J. Daniels and Charles W. Musgrove, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, for appellee.
MORROW, RUSSELL O., Associate Judge.
This is an appeal from the Criminal Court of Record of Orange County, Florida. The appellant was convicted of possession of heroin and also of the sale of heroin.
At the trial, evidence was admitted, over objection, that the appellant sold heroin to a law enforcement officer on May 15, 1971; that appellant was charged on two counts, one sale and one of possession and was acquitted of sale and convicted of possession. The sale and possession of heroin by the appellant in the instant case, which resulted in his conviction of two similar charges, took place a few days after the May 15, 1971 sale.
The question presented is whether "similar fact evidence" of a prior sale can be admitted where appellant has been acquitted of sale of heroin but convicted of possession of heroin.
Florida law has permitted the admission of such evidence even though there was an acquittal. (Blackburn v. State, Fla.App. 1968, 208 So.2d 625.)
The U.S. Circuit Court of Appeals holds to the contrary. Wingate v. Wainwright, 5 Cir.1972, 464 F.2d 209 states as follows:
* * * * * *
"We do not hold that the Florida evidentiary rule which permits evidence of other offenses to be admitted to show intent, knowledge or common scheme or plan violates due process."
* * * * * *
"We hold that under Ashe [Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469] where the state in an otherwise proper prosecution seeks for any purpose to relitigate an issue which was determined in a prior prosecution of the same parties, then the evidence offered for such a relitigation must be excluded from trial and the state must be precluded from asserting that the issue should be determined in any way inconsistent with the prior determination."
* * * * * *
The Wingate case in effect holds that the admission of evidence of a crime on which acquittal has been rendered, violates the collateral estoppel doctrine.
There is a factual difference between the instant case and that of Wingate. Here the appellant was convicted of possession of heroin in the former case that supplied the evidence of "similar fact" in the instant case.
We hold that where there has been a conviction of one of two charges tried together though there has been an acquittal on the other charge, the "similar fact evidence" is admissible.
Finding no reversible error, the judgment here appealed is affirmed.
OWEN and MAGER, JJ., concur.