PER CURIAM.
This is an appeal from an order denying appellant’s post conviction motion to vacate his judgment of conviction and sentence on charges of (1) breaking and entering a dwelling and unlawfully assaulting a person therein and (2) attempted crime against nature.
Prior to the initiation of these post conviction proceedings, appellant sought review of his conviction in a direct appeal to this court. We affirmed the conviction. Blackburn v. State, Fla.App.1968, 208 So.2d 625. Defendant’s petition for writ of habeas corpus to the Supreme Court of Florida was denied.
On May 26, 1973, defendant’s writ of ha-beas corpus to the U.S. District Court was dismissed “without prejudice to the petitioner to fully exhaust his state remedies.”
Defendant on May 27, 1973 filed his motion to vacate sentence pursuant to CrPR 3.850, 33 F.S.A., which, after hearing argument thereon, the trial court denied and this appeal followed.
On appeal appellant contends that where the record indicates the state relied upon the testimony of an alleged victim of a prior similar crime for which the defendant had been acquitted, the trial court erred in not applying retroactively the decisions of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and Wingate v. Wainwright, 5 Cir., 464 F.2d 209 which were rendered subsequent to appellant’s conviction and indicated that use of such evidence at trial violates a defend *31 ant’s rights under the double jeopardy-clause of the Fifth Amendment.
We find the contention that the above decisions rendered subsequent to defendant’s convictions should be applied retroactively is lacking in merit. See Brewer v. State, Fla. 1972, 264 So.2d 833.
Accordingly, the order of the trial court is affirmed.
Affirmed.