**Thomas J. McDONALD, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Respondent-Appellee.**

**No. 73–1656.**

United States Court of Appeals, Fifth Circuit.

April 26, 1974.

---

Timothy J. Armstrong, Miami, Fla. (Court-appointed), for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Fredric J. Scott, C. Marie Bernard, Asst. Attys. Gen., W. Palm Beach, Fla., for respondent-appellee.

Before ALDRICH, Senior Circuit Judge,* and BELL and GEE, Circuit Judges.

ALDRICH, Senior Circuit Judge:

This is an appeal from the denial of a petition for habeas corpus. Thomas McDonald, hereinafter defendant, was charged in the Florida state court with breaking and entering with intent to commit rape, and, by separate indictment, with assault with intent to commit rape, and rape. The first charge was postponed, and the remaining two tried together. At this trial the court charged the jury that it could convict defendant for either of the two specified offenses, or for attempted rape, as a lesser included offense. The jury found him not guilty.

The evidence at the trial, which came from the alleged victim, a Mrs. Certain, the police, and a co-defendant, Taylor, was to the effect that Taylor and defendant in the nighttime broke a rear door of, and entered, Certain's apartment, where each defendant had intercourse with her. Certain testified that it was against her will; Taylor testified that she consented. Defendant did not take the stand. The state agrees with defendant that the jury must have found consent.

Thereafter defendant was tried to another jury on the charge of breaking and entering with intent to commit rape. Except that the evidence as to the breaking was more detailed, it is conced-

---

* Hon. Bailey Aldrich, Senior Circuit Judge of the First Circuit, sitting by designation.

ed that, as the district court found, the evidence at this trial was "basically the same" as at the first trial or including Certain's testimony that she did not consent. Defendant was convicted, and on appeal the judgment was affirmed. McDonald v. State, 249 So.2d 451 (4 D. C.A.Fla.1971), cert. dismissed, 253 So.2d 708 (Sup.Ct.Fla.). The court took the position, with which the district court subsequently agreed, that defendant could well have entered with intent to commit rape even though, because Certain proved to be willing, he had no occasion to carry out his purpose. The state's brief puts it, "Although the rapor had the requisite intent upon breaking and entering to commit rape, he was thwarted before attempting the act of rape." Although we have seen the proposition more felicitously expressed,[1] the state's logic is impeccable. There are, however, a number of difficulties.

■■ The most obvious difficulty is that the state did not try its case on that theory. Faced with the burden of showing defendant's intent at the time of entry, which, unexplained, might equally have been simply to attempt to persuade, the state, both by evidence and oral argument, sought to prove an initial intent to rape by the alleged circumstance that a rape occurred. But whether one call it double jeopardy, or collateral estoppel by judgment, this was a naked and impermissible attempt to convict defendant for one crime by proof of another which, as between defendant and the state, it had been conclusively determined defendant did not commit. The evidence of non-consent was constitutionally inadmissible, Ashe v. Swenson, 1970, 397 U.S. 436, 446, 90 S.Ct. 1189, 25 L.Ed.2d 469; Turner v. Arkansas, 1972, 407 U.S. 366, 92 S.Ct. 2096, 32

L.Ed.2d 798 (per curiam), and clearly prejudicial. The verdict was fatally tainted. Burgett v. Texas, 1967, 389 U. S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319; Bumper v. North Carolina, 1968, 391 U. S. 543, 550, 88 S.Ct. 1788, 20 L.Ed.2d 797. Indeed, with this evidence excluded, it may be asked on what basis could a jury, simply because defendant made a felonious entry of one character, find beyond a reasonable doubt that at the time he intended another?[2]

■ Defendant goes further, and asserts not merely trial error, but that he can not even be tried for breaking and entering with intent because he has been acquitted, not only of rape, but of an attempt to commit rape under circumstances where such an attempt would have had to have been found if he had committed the alleged breaking and entry with the requisite intent. The state initially sought to answer this by saying flatly that "neither breaking and entering nor intent while doing so were before the first jury," but it later realized that this allegation was more easily made than proved. The evidence of breaking and entering was introduced before the first jury, and the court specifically instructed the jury as to an attempt, and as to the necessity for both an intent to commit the crime and an overt act. See Groneau v. State, 201 So.2d 599, 603 (4 D.C.A.Fla.1967), cert. denied, 207 So.2d 452 (Sup.Ct.Fla.). The state is reduced to arguing that breaking and entering was merely "preparation," and not an overt act sufficient to constitute an attempt. Passing the fact that in any event defendant was placed in jeopardy for an attempt, we cannot think of any more classic overt act[3] than something which, like breaking and entering with intent, is a

---

1. "[H]e in a few minutes ravished this fair creature, or at least would have ravished her, if she had not, by a timely compliance, prevented him." H. Fielding, Jonathan Wild, Book III, ch. 7.

2. We may add that if the jury were to learn of defendant's conduct once within the apart-

ment, he would be entitled to an instruction that it had been conclusively found to have been consented to.

3. "[A]ny act toward the commission of such an offense." Fla.Stat.Ann. § 776.04 (1965).

felony itself.[4]  Charging the jury on this evidence as to attempted rape necessarily placed before it the question whether defendant broke and entered with intent to rape.

On this record the state not only violated basic principles of collateral estoppel, but of double jeopardy.  Having failed to prove certain illegal acts once, it cannot be permitted to prove them again simply by changing the name of the crime.  Harlow v. United States, 5 Cir., 1962, 301 F.2d 361, 375, cert. denied, 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed. 2d 56, reh. denied, 371 U.S. 906, 83 S.Ct. 204, 9 L.Ed.2d 167; United States v. Sabella, 2 Cir., 1959, 272 F.2d 206, 210–212.

Reversed and remanded with instructions to grant the writ.

4. "[C]ommencement of the consummation . . . . [S]uch progress that it would be consummated unless interrupted by circumstances independent of the will of the attempter."  Groneau v. State, 201 So.2d at 603.  *Cf.* fn. 1, ante.