304 So.2d 522 (1974)
Roy L. LAWSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-464.
District Court of Appeal of Florida, Third District.
December 3, 1974.
Jepeway, Gassen & Jepeway, Max B. Kogen, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellant, defendant in the trial court, seeks review of a conviction for first degree murder and a sentence to life imprisonment.
The defendant's trial was his second stemming from the murder of one John Byron Eaton. The first trial also resulted in a judgment of guilt and a sentence to life imprisonment.
*523 However, the judgment and sentence were vacated upon motion by the state, when it was learned that a key witness for the state, one Maurice Steen, falsely testified at the first trial that no "deal" had been arranged with the United States Attorney's office in exchange for Steen's testimony against the appellant in the state court proceeding.
On this appeal, the appellant raises seven points as grounds justifying another trial. We find merit in the first two points on appeal, and therefore deem it unnecessary to express any opinion upon the latter five points.
The appellant first argues that the state violated the so-called Williams rule[1] by offering detailed evidence of a collateral crime for which the defendant was acquitted.
The state asserts that the testimony which it elicited, involving the alleged earlier crime, was relevant because this evidence was needed to give an intelligent account of the crime for which the defendant was charged (See, Nickels v. State, 1925, 90 Fla. 659, 106 So. 479, 489).
The prosecution introduced evidence at trial that the victim, John Byron Eaton, was an informer for federal authorities in a case involving stolen securities and an illegal effort to cash these securities.
Further, testimony was presented to show that the appellant, Lawson, felt that Eaton was a "stool pigeon" against him and his wife Marge Lawson, who was also implicated in the scheme to cash stolen securities.
When the victim's brother, Richard Eaton, took the stand the prosecution began inquiring extensively into the facts and circumstances surrounding the attempt to cash the stolen securities.
The appellant strenuously objected to this procedure, citing the Williams rule and repeatedly moved for a mistrial. The record reflects that the trial judge was concerned about the state's tactics. The court, at one point cautioned the state's attorney: "You don't need to go through the whole crime... ."
But, the state persisted, urging the court that it needed to explore in detail the facts of the prior crime (for which the appellant was acquitted) because these facts would prove the appellant's motive for killing the victim.
Yet, the record demonstrates ample evidence of the appellant's motive through statements he had made to Steen and another individual, Martin Davidow, with whom the appellant was incarcerated on charges resulting from the federal investigation into the stolen securities.
The record indicates that the state proved a convincing case, based largely on circumstantial evidence, that the appellant shot the victim. It is unfortunate that the state found it necessary to introduce evidence which we think was irrelevant, which tended only to show that the appellant was a man of bad character with a propensity to commit a collateral crime, and which therefore prejudiced his defense.
We think that the prosecutorial zeal exercised was excessive and mandates a new trial. See, State v. Davis, Fla. 1974, 290 So.2d 30; Drayton v. State, Fla.App. 1974, 292 So.2d 395; Marion v. State, Fla.App. 1974, 287 So.2d 419; Mason v. State, Fla. App. 1973, 286 So.2d 17; Denson v. State, Fla.App. 1972, 264 So.2d 442; Lucas v. State, Fla.App. 1971, 257 So.2d 261.
These recent cases all indicate an increasing concern by the courts of this state with the prosecution's sometimes stubborn determination to introduce evidence of collateral crimes where the relevance at best is borderline.
*524 We think the impropriety of introducing extensive evidence regarding the stolen securities case was increased by the fact that the appellant was acquitted of the offense which the state offered as evidence.
An acquittal in a previous criminal proceeding does not automatically preclude referring to the crime as evidence in a subsequent criminal case where the relevance of the prior crime is justified under the Williams rule. Chippas v. State, Fla. 1967, 194 So.2d 593; Blackburn v. State, Fla.App. 1968, 208 So.2d 625; Johnson v. State, Fla.App. 1973, 285 So.2d 436.
However, as both the dissents argued in the last two cases cited, there should be an even stronger showing by the state that the prior offense is relevant. Otherwise, the doctrine of collateral estoppel, as it applies to criminal proceedings, should be considered to insure that a defendant does not "run the gantlet" a second time. Johnson v. State, supra (Judge Rawls, dissenting); Compare, Wingate v. Wainwright, 464 F.2d 209 (5th Cir.1972); McDonald v. Wainwright, 493 F.2d 204 (5th Cir.1974).
In the present case, we are inclined to accept the state's contention that some reference to the earlier stolen securities scheme was essential to establish a motive for killing Eaton and to enable the state to intelligently present its case.
But, we believe that the detailed testimony concerning the actual modus operandi of the earlier offense and of the appellant's role in its commission was irrelevant. This testimony could only tend to impress the jury that the appellant was a bad character who committed another crime (where it was determined in an earlier criminal case that the appellant was not guilty).
As his second point, the appellant contends that a mistrial should have been granted when a defense witness, during cross-examination by the state, mentioned that the appellant had been "found guilty."
Defense counsel immediately moved for a mistrial before the witness could specify any offense for which the appellant had been found guilty, and the court granted the motion.
However, following a recess and further argument from the state, the court reversed its ruling and denied the motion for a mistrial. The jury was then polled with respect to their understanding of the witness' statement that the appellant was found guilty.
Three of the jurors stated that it signified to them that the appellant had been in trouble with the law and found guilty of some prior offense. In fact, the witness' reference was to the appellant's earlier conviction which was vacated upon motion by the state.
We are cognizant of the well-established principles of law governing the granting of a motion for a mistrial. During the midst of a criminal trial such motions should be granted with great care and caution and only where there is an absolute legal necessity. Kelly v. State, Fla. App. 1967, 202 So.2d 901; Sweetser v. State, Fla.App. 1972, 258 So.2d 287.
However, it is our conclusion that under the circumstances of this case, where the witness made reference to a guilty verdict in a conviction (albeit inadvertently) which was void, the court was correct initially when it granted the motion for a mistrial.
We think that after the witness had mentioned the guilty verdict in a void conviction, the prejudicial effect in the minds of the jury could not be removed. See, Minturn v. State, Fla.App. 1962, 136 So.2d 359; cf., Toth v. State, Fla.App. 1974, 297 So.2d 53; Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972); Beto v. Stacks, 408 F.2d 313 (5th Cir.1969).
Therefore, for the reasons stated and upon the authorities cited, the judgment and sentence appealed are reversed and the cause is remanded for a new trial.
Reversed and remanded.
NOTES
[1] Williams v. State, Fla. 1959, 110 So.2d 654.