GRIMES, Judge.
The only point on appeal meriting discussion is the effect upon a conviction following a trial in which evidence of a similar offense is admitted when the defendant is subsequently acquitted of having committed the similar offense.
Appellant was convicted of involuntary sexual battery. Since the question of identity was in issue, the state sought to introduce evidence that the appellant had perpetrated a similar offense upon another woman nine days before. The circumstances of the previous offense and the manner in which it was committed were uniquely similar to facts pertinent to the crime charged, so the evidence was properly admitted. Williams v. State, Fla.1959, 110 So.2d 654; Duncan v. State, Fla.App.2d, 1974, 291 So.2d 241.
The week following appellant’s conviction, he was tried and acquitted of the offense which constituted the similar crime evidence introduced at the trial in which he was convicted. Thus, appellant argues that his conviction must be reversed because of the introduction of evidence tending to show that he committed another crime in the same manner when it was ultimately determined that he was not guilty of that crime.
Our Florida courts have held that an acquittal in a previous criminal proceeding does not automatically preclude the reference to the crime as evidence in a subsequent criminal case where the relevance of the prior crime is justified under the Williams rule. E. g., Johnson v. State, Fla.App.1st, 1973, 285 So.2d 436; Blackburn v. State, Fla.App.3d, 1968, 208 So.2d 625. However, in Wingate v. Wainwright, 5th Cir. 1972, 464 F.2d 209, the Court of Appeals vacated a Florida conviction in which evidence of a crime for which the defendant had previously been acquitted was admitted as similar fact evidence under the Williams rule. Referring to Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the court said:
. . We hold that under Ashe where the state in an otherwise proper prosecution seeks for any purpose to re-litigate an issue which was determined in a prior prosecution of the same parties, then the evidence offered for such a re-litigation must be excluded from trial and the state must be precluded from asserting that the issue should be determined in any way inconsistent with the prior determination.”
The question before us, which appears to be one of first impression, is whether the *126 rationale of Wingate should be extended to a situation where the acquittal of the “similar crime” occurs after the trial in which evidence of the similar crime was introduced. We think not. In applying the Ashe doctrine, Wingate was predicated upon collateral estoppel. This is a doctrine which precludes the relitigation of an issue which has been determined in a prior proceeding between the same parties. Seaboard Coast Line Railroad Company v. Industrial Contracting Company, Fla.App.4th, 1972, 260 So.2d 860. In the instant case when the similar crime evidence was introduced, the issue of whether appellant had actually committed that crime had never been litigated before. Hence, the doctrine of collateral estoppel could not have applied.
Affirmed.
McNULTY, C. J., and SCHEB, J., concur.