DOWNEY, Judge.
This is an appeal from a judgment of conviction of attempted rape and a 15 year sentence.
*650 Appellant poses two points for reversal. We deem only the following point worthy of consideration:
The trial court erred in admitting collateral evidence of a charge upon which appellant had been tried and acquitted.
As our courts have frequently mentioned in the recent past, the use of collateral crime evidence in the prosecution of criminal cases has begun to take on dimensions far beyond the proper limits of that rule. See Lawson v. State, Fla.App.3d 1974, 304 So.2d 522, and cases cited therein. Here, we are faced with an attempt to prove some ostensibly relevant issue by showing that appellant had allegedly previously committed an offense similar to the one for which he was on trial, although he had been tried and acquitted upon the earlier charge. We note that the numerical weight of authority appears to hold that acquittal of a defendant of another offense does not render proof of that offense inadmissible at a later criminal trial where such proof is otherwise competent. Anno: Evidence — Other Offense — Acquittal, 86 A.L.R.2d 1132, 1135 (1962). However, the United States Court of Appeals, Fifth Circuit, has recently recognized that the doctrine of collateral estoppel is embodied in the double jeopardy clause of the Fifth Amendment and that that doctrine as part of the double jeopardy clause precludes the state from introducing evidence concerning charges of which an individual has been tried and acquitted.
In Wingate v. Wainwright, 464 F.2d 209 (5th Cir. 1972), the defendant (Wingate) was convicted in the state court of robbing a small store on July 9, 1968. To show a course of conduct, the state introduced evidence, among other things, that Wingate had robbed one individual at a Farmstore on December 11, 1967, and another individual at a gas station on January 2, 1968. The defense objected to this testimony on the grounds, among others, that Wingate had been acquitted on both charges. The District Court of Appeal, Third District, affirmed, 2-1, 232 So.2d 44, and the Supreme Court of the United States denied certiorari, 400 U.S. 994, 91 S.Ct. 467, 27 L.Ed.2d 443.
Wingate then sought federal habeas corpus relief. The district court denied relief, but the circuit court reversed the denial and ordered that the writ issue unless Wingate was retried. The circuit court held the evidence in question was inadmissible because the question of Wingate’s involvement in the December 11th and January robberies had been litigated in the earlier trials and decided in Wingate’s favor:
“In both instances the state sought to prove to the later jury what it had failed to prove to the earlier juries — that Win-gate had robbed Heilman and Angel.
“In doing so the state violated Win-gate’s rights under the double jeopardy clause of the Fifth Amendment as applied to the state through the Fourteenth Amendment.”

“We hold that under Ashe [v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469] where the state in an otherwise proper prosecution seeks for any purpose to relitigate an issue which was determined in a prior prosecution of the same parties, then the evidence offered for such a relitigation must be excluded from trial and the state must be precluded from asserting that the issue should be determined in any way inconsistent with the prior determination.
“It is fundamentally unfair and totally incongruous with our basic concepts of justice to permit the sovereign to offer proof that a defendant committed a specific crime which a jury of that sovereign has concluded he did not commit. Otherwise a person could never remove himself from the blight and suspicious aura which surround an accusation that *651 he is guilty of a specific crime, Win-gate was charged with robbing Hellman and Angel and as a result of those charges he endured the perils of trial. He was acquitted of those very charges and that should end the matter.” 464 F.2d at 214-215.
See, too, Blackburn v. Cross, 510 F.2d 1014 (5th Cir. 1975), and the dissenting opinions of Judge Pearson in Blackburn v. State, 208 So.2d 625, 626 (Fla.App.3d 1968), and Judge Rawls in Johnson v. State, 285 So.2d 436 (Fla.App.1st 1973). Cf. Davis v. State, 277 So.2d 311 (Fla.App.4th 1973).
We therefore hold that the trial court committed prejudicial error in admitting (over the appellant’s objection in the present trial) evidence of a charge upon which appellant had been tried and acquitted.
Accordingly, we reverse the judgment and sentence appealed from and remand the cause for a new trial.
Since the cause must be retried we think it appropriate to make the following comment relative to appellant’s first point, which questioned the propriety of certain testimony by a police officer as to Miranda warnings. The state must establish that a defendant has been given Miranda warnings if it intends to offer into evidence an inculpatory statement of the defendant given in the course of a custodial interrogation. See, e. g., Woods v. State, Fla.App.1968, 211 So.2d 248. Since the state was not seeking to introduce any statement of the appellant into evidence, it did not have to establish that appellant had been given Miranda warnings; therefore the testimony upon which appellant bases his first point was unnecessary.
REVERSED and REMANDED.
CROSS and MAGER, JJ., concur.