349 So.2d 161 (1977)
STATE of Florida, Petitioner,
v.
John Willie PERKINS, Respondent.
No. 49609.
Supreme Court of Florida.
May 26, 1977.
Rehearing Denied September 6, 1977.
*162 Robert L. Shevin, Atty. Gen., and Paul H. Zacks and Charles W. Musgrove, Asst. Attys. Gen., for petitioner.
Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, for respondent.
BOYD, Justice.
Petitioner Perkins was tried and convicted for the attempted rape of a six-year-old girl. The victim and her brother testified the crime was attempted while the victim was in her bedroom late at night. In addition to this testimony, the testimony of Jacqueline McKree was introduced by the state. McKree testified that, when she was fourteen years old, Perkins had entered her room late at night and grabbed her. Perkins had been charged with a crime stemming from the alleged incident and was acquitted.
The District Court of Appeal, Fourth District, reversed Perkins' conviction because of error by the trial court in admitting into evidence McKee's testimony.[1] The court held that evidence of crimes for which a defendant has been acquitted is always barred from admission into evidence under the guarantee against double jeopardy in the Fifth Amendment to the U.S. Constitution. We granted certiorari because of conflict[2] with Lawson v. State, 304 So.2d 522 (Fla.3d DCA 1974), which held that such evidence is not always so barred.
Both Lawson and this case were decided under Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), where it was held that the doctrine of collateral estoppel is embodied in the U.S. Constitution's Fifth Amendment guarantee against double jeopardy. The rule of Ashe, as stated by the U.S. Supreme Court, is that,
"... Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to `examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rationale jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" 397 U.S. at 444, 90 S.Ct. at 1194.
*163 Thus, the Ashe rule forbids the admission in a subsequent trial of evidence of an acquitted collateral crime only when the prior verdict clearly decided in the defendant's favor the issue for which admission is sought. From Ashe we know the double jeopardy clause of the Fifth Amendment to the U.S. Constitution does not forbid the admission of all evidence of acquitted collateral crimes, but only that evidence which the state is collaterally estopped from introducing. Thus, the District Court in this case misapplied the Ashe rule, while in terms of the Fifth Amendment, Lawson was correctly decided.
Our inquiry into this case does not end with harmonization of the conflict. This Court has never been squarely presented with the issue of whether evidence of crimes for which a defendant has been tried and acquitted may be admitted at a subsequent trial. We undertake to confront the issue now while we have before us the record of a proceeding in which such evidence was admitted.
The preliminary inquiry in the admission of evidence of other crimes is whether such evidence is relevant. Under the rule announced in Williams v. State, 110 So.2d 654 (Fla. 1959), evidence of other crimes is admissible in a criminal trial if relevant to prove anything other than the bad character of the defendant or his propensity to commit the crime charged. However, Williams makes no distinction between evidence of acquitted crimes and evidence of collateral crimes for which there has not been an acquittal (including uncharged crimes, crimes for which the charges have been dropped[3] and convicted crimes).
Federal courts generally permit the admission of evidence of collateral crimes resulting in acquittals when relevant.[4] Contrary to the general trend, the Fifth Circuit does not permit admission of such evidence. Blackburn v. Cross, 510 F.2d 1014 (5th Cir.1975); Wingate v. Wainwright, 464 F.2d 209 (5th Cir.1972). Similarly, there is a split over the issue in state jurisdictions.[5] And, too, there is disagreement within our state's District Courts of Appeal, as shown by the decision in this case when compared with other decisions.[6]
In Wingate the Fifth Circuit made the following observation,
"It is fundamentally unfair and totally incongruous with our basic concepts of justice to permit the sovereign to offer proof that a defendant committed a specific crime which a jury of that sovereign has concluded he did not commit. Otherwise a person could never remove himself from the blight and suspicious aura which surround an accusation that he is guilty of a specific crime. Wingate was charged with robbing Hellman and Angel and as a result of those charges he endured the perils of trial. He was acquitted of those very charges and that should end the matter."
We agree with Wingate that it is fundamentally unfair to a defendant to admit evidence of acquitted crimes. To the extent that evidence of the acquitted crime tends to prove that it was indeed committed, the defendant is forced to reestablish a defense against it. Practically, he must do so because of the prejudicial effect the evidence of the acquitted crime will have in the minds of the jury in deciding whether he committed the crime being tried. It is inconsistent with the notions of fair trial for the state to force a defendant to resurrect a prior defense against a crime for which he is not on trial. Therefore, we hold *164 that evidence of crimes for which a defendant has been acquitted is not admissible in a subsequent trial. Nothing we say here forbids admission under the "Williams Rule" of relevant evidence of collateral crimes for which acquittals have not been obtained.
Accordingly, that portion of the District Court's decision inconsistent with this opinion is quashed, reversal of Perkins' conviction is affirmed and the cause is remanded for proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and SUNDBERG, HATCHETT and DREW (Retired), JJ., concur.
NOTES
[1] Perkins v. State, 332 So.2d 649 (Fla. 4th DCA 1976).
[2] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
[3] See Engdall v. State, 319 So.2d 144 (Fla. 4th DCA 1975), Mager, J., dissenting.
[4] United States v. Burkhart, 458 F.2d 201, 208 (10th Cir.1972); United States v. Woods, 484 F.2d 127 (4th Cir.1973); Hernandez v. United States, 370 F.2d 171 (9th Cir.1966).
[5] See 86 A.L.R.2d 1136 (1962), and cases collected under § 3. Contra: State v. Little, 87 Ariz. 295, 350 P.2d 756 (1960); McDowell v. State, 142 Tex.Cr.R. 530, 155 S.W.2d 377 (1941).
[6] Lane v. State, 324 So.2d 124 (Fla.2d DCA 1975). Davis v. State, 277 So.2d 311 (Fla. 4th DCA 1973).