550 So.2d 444 (1989)
Charles Lewis BURR, Appellant,
v.
STATE of Florida, Appellee.
No. 71234.
Supreme Court of Florida.
August 31, 1989.
Rehearing Denied November 15, 1989.
*445 Steven L. Seliger, Quincy, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
We review this case following a remand from the United States Supreme Court. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We deny Burr's request for a new trial, but vacate his sentence and remand this case to the trial court for resentencing before the trial judge.
Burr was convicted in June 1982 of the first-degree murder of a convenience store clerk in Leon County, Florida, and sentenced to death. At trial, the state called three other convenience store clerks to testify that Burr had robbed their stores in a manner similar to the robbery alleged to have occurred in this case. All three clerks identified Burr as the perpetrator of the crimes, although Burr was subsequently acquitted of one of the crimes, and the state nolle prossed another.
This Court affirmed the sentence and conviction on direct appeal, Burr v. State, 466 So.2d 1051 (Fla.), cert. denied 474 U.S. 879, 106 S.Ct. 201, 88 L.Ed.2d 170 (1985). In 1987, the Governor signed a death warrant setting Burr's execution, and Burr filed for relief in the circuit court pursuant to Florida Rule of Criminal Procedure 3.850. The circuit court denied relief, and this Court affirmed, Burr v. State, 518 So.2d 903 (Fla. 1987), cert. granted, ___ U.S. ___, 108 S.Ct. 2840, 101 L.Ed.2d 878 (1988). A stay of execution was granted by the federal court. The United States Supreme Court vacated our decision and remanded the case to us for consideration in light of its opinion in Johnson v. Mississippi, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988). Burr v. Florida, ___ U.S. ___, 108 S.Ct. 2840, 101 L.Ed.2d 878 (1988).
In Johnson, the defendant was convicted of murder and sentenced to death on the basis of three aggravating circumstances, including a 1963 conviction of a prior violent felony in New York. Subsequent to the conviction and direct appeal in that case, Johnson's New York conviction was vacated by the New York Court of Appeal. Johnson then attacked his death sentence *446 by collateral review in the Mississippi courts. The Mississippi Supreme Court denied relief, holding that the claim was collaterally barred and that a subsequent change in the admissible nature of evidence could not be a basis for finding that the death sentence was improperly imposed. The United States Supreme Court reversed, holding the claim was properly raised on postconviction motion and was not procedurally barred, and the eighth amendment prohibits the imposition of a sentence of death based upon a conviction no longer in existence.
The case before us involves similar issues with significantly dissimilar facts. Burr's conviction and sentence were based, in part, on evidence admitted pursuant to Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). The evidence that Burr had committed crimes similar in nature and method to the crime he was alleged to have committed in this case was relevant to establish identity and intent. Burr, 466 So.2d at 1053. A conviction for other crimes, wrongs, or acts has never been a prerequisite for the admission of evidence of those acts, so long as the evidence is relevant to some issue other than bad character or propensity. § 90.404(2)(a), Fla. Stat. (1981). Therefore, it is not relevant during the guilt phase that the convictions were not obtained against Burr for the other three crimes. Evidence of the collateral act for which Burr received an acquittal is inadmissible under Johnson. However, considering that the evidence of this collateral act was in addition to other evidence of guilt, we believe its admission, though erroneous, was harmless. We believe, beyond a reasonable doubt, that the error did not contribute to Burr's conviction in this case. State v. DeGuilio, 491 So.2d 1129 (Fla. 1986).
Our review of the record reveals that the state introduced no evidence at the sentencing phase beyond that established at the guilt phase. There was no evidence of two of the three aggravating factors other than the collateral crimes evidence.[1] The United States Supreme Court held in Johnson that the eighth amendment requires a stringent review of death sentences based in part on improper aggravating circumstances.
In overriding the jury recommendation of life, the trial judge found as aggravating circumstances that the murder was committed to avoid arrest; that it was committed during the course of a robbery; and, that it was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification. The aggravating factors of witness elimination to avoid arrest and cold, calculated, and premeditated were established almost entirely on the collateral crimes evidence.[2] We cannot say, beyond a reasonable doubt, that the consideration of this evidence did not contribute to the sentence, particularly in light of the jury's recommendation of life.
We reject the notion that the one instance of collateral conduct for which Burr was acquitted was merely cumulative of the other two instances presented at trial. We have no way to determine the weight given each witness' testimony. As the reviewing court it is not our function to weigh the credibility of each witness, but rather, it is that of the trial judge. Nor can we determine whether the one improperly admitted instance of collateral conduct was determinative of the outcome.
Accordingly, we vacate the sentence of death and remand this case to the trial court for a new sentencing determination. *447 Because the jury recommended a life sentence at the original sentencing phase, a new jury need not be empaneled.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Because we are reversing Burr's sentence, we express no opinion on the issue of the weight, if any, evidence of collateral acts should be given in proving the aggravating circumstances applicable in a particular offense.
[2] The medical examiner did testify to the manner in which the crime may have been committed, but his testimony is equivocal, at best, and falls short of establishing beyond a reasonable doubt that the crime was committed in a cold, calculated, and premeditated manner or that the motive of the murder was for witness elimination to avoid arrest. Burr v. State, 518 So.2d 903, 907-08 (Fla. 1987) (Barkett, J., dissenting), cert. granted, ___ U.S. ___, 108 S.Ct. 2840, 101 L.Ed.2d 878 (1988).