576 So.2d 278 (1991)
Charlie Lewis BURR, Appellant,
v.
STATE of Florida, Appellee.
No. 71234.
Supreme Court of Florida.
January 18, 1991.
Rehearing Denied March 26, 1991.
*279 Steven L. Seliger, Quincy, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
We have on remand from the Supreme Court of the United States Florida v. Burr, ___ U.S. ___, 110 S.Ct. 2608, 110 L.Ed.2d 629 (1990), vacating, 550 So.2d 444 (Fla. 1989), on remand from, 487 U.S. 1201, 108 S.Ct. 2840, 101 L.Ed.2d 878 (1988), vacating, 518 So.2d 903 (Fla. 1987). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
In 1988 the Supreme Court remanded this case for reconsideration in light of Johnson v. Mississippi, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988), a case whose facts were "significantly dissimilar" from those at hand. Burr, 550 So.2d at 446. In Johnson, an aggravating factor in the penalty phase of a death case had been established solely by introduction of a certified copy of the conviction. Afterward, this earlier conviction was overturned in a separate appellate proceeding. Thus, the Supreme Court held that the death penalty could not stand when "the jury was allowed to consider evidence that has been revealed to be materially inaccurate." Johnson, 486 U.S. at 590, 108 S.Ct. at 1989.
In the present case, however, evidence of collateral crimes was introduced during the guilt phase to establish the identity of the perpetrator  a permissible use under Florida law. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). This evidence was not in the form of a certified judgment, but was introduced as live testimony from the victims of three collateral crimes. Their statements suggested that the same modus operandi had been used in all three cases  a modus operandi highly similar to aspects of the crime for which Burr was on trial. Later, in imposing sentence, the trial court expressly relied on this collateral crimes evidence to establish aggravating factors.[1]
Subsequently, Burr was acquitted of one of the crimes that formed the basis of this testimony and another of the crimes was dismissed by nolle prosequi.[2]Burr, 550 So.2d at 445.
Despite the dissimilarities between Burr and Johnson, this Court attempted to conform its decision to the dictates of the Supreme Court. We interpreted the opinion in Burr, 108 S.Ct. at 2840, and in Johnson as meaning that "the eighth amendment requires a stringent review of death sentences based in part on improper aggravating circumstances." Burr, 550 So.2d at 446. This is a conclusion fully supported by other relevant case law, upon which we implicitly relied. E.g., Hitchcock v. Dugger, *280 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987); Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). Therefore, we do not believe the Supreme Court intends us to recede from at least this portion of our prior opinion. Burr, 550 So.2d at 446.
Subsequently, the Supreme Court vacated our second opinion and remanded for reconsideration in light of Dowling v. United States, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990), an opinion even more significantly dissimilar from the present case than Johnson was. In Dowling, the court decided as a matter of federal law that unconvicted collateral crimes evidence could be admitted in a noncapital trial for bank robbery and armed robbery. Obviously, a trial for robbery involves none of the special considerations that attach to the penalty phase of a capital trial. See, e.g., Hitchcock; Lockett.
In simple terms, Dowling is inapposite to the present case except to the extent it may resolve issues arising from Burr's guilt phase. We thus must conclude that the sole reason for the present remand is the Supreme Court's disagreement with the following sentence from Burr, 550 So.2d at 446:
Evidence of the collateral act for which Burr received an acquittal is inadmissible under Johnson.

This is the only holding in our prior review of this case that dealt with an issue arguably within the scope of the Dowling opinion. Accordingly, we recede from our opinion in Burr, 550 So.2d at 446, solely to the extent it suggested that Johnson, as a matter of federal law, always prohibits the introduction of unconvicted collateral crimes evidence during the guilt phase of a trial.
Turning now to the central issues of this case, we must acknowledge that our prior opinion in this case did not state with sufficient clarity the requirements of Florida law. As a result, the Supreme Court apparently perceived that our prior opinion rested on no adequate and independent state ground, although Justices Stevens, Brennan, and Marshall reached the opposite conclusion. Burr, 110 S.Ct. at 2608 (Brennan, Marshall, JJ., dissenting), 2608-13 (Stevens, J., dissenting). Today, this Court remedies its prior omission.
We previously have held:
It is inconsistent with the notions of fair trial for the state to force a defendant to resurrect a prior defense against a crime for which he is not on trial. Therefore, we hold that evidence of crimes for which a defendant has been acquitted is not admissible in a subsequent trial.
State v. Perkins, 349 So.2d 161, 163-64 (Fla. 1977). Perkins rests entirely on Florida law. Art. I, § 9, Fla. Const.
Obviously, the holding of Perkins dictates that the admission of collateral crimes evidence was improper in this case. Id. However, as we unanimously stated in our prior review of the question, Burr, 550 So.2d at 446, we believe this error was harmless in light of the overwhelming evidence of guilt discernible in our review of the entire record. Id. (citing State v. DiGuilio, 491 So.2d 1129 (Fla. 1986)).
We cannot reach a similar conclusion regarding the penalty phase. Under our opinion in Tedder v. State, 322 So.2d 908 (Fla. 1975), a jury recommendation of life imprisonment is entitled to great deference by the trial court. An override of that recommendation must be reversed on appeal unless virtually no reasonable person could agree with the recommendation. Id. In the present case, the trial court cited three aggravating factors in rejecting the jury's recommendation. Two of these rested predominantly, if not entirely, upon some of the collateral crimes evidence that was inadmissible under Perkins and article I, section 9 of the Florida Constitution. See Burr, 550 So.2d at 446 n. 2 (noting trial court's reliance on collateral crimes evidence in establishing aggravating factors).
We are forced to conclude, therefore, that these two aggravating factors are now reasonably suspect. We reiterate our prior statements on this matter:
We cannot say, beyond a reasonable doubt, that the consideration of this evidence did not contribute to the sentence, particularly in light of the jury's recommendation of life.

*281 We reject the notion that the one instance of collateral conduct for which Burr was acquitted was merely cumulative of the other two instances presented at trial. We have no way to determine the weight given each witness' testimony. As the reviewing court it is not our function to weigh the credibility of each witness, but rather, it is that of the trial judge. Nor can we determine whether the one improperly admitted instance of collateral conduct was determinative of the outcome. [See, e.g., Perkins.]
Accordingly, we vacate the sentence of death and remand this case to the trial court for a new sentencing determination. Because the jury recommended a life sentence at the original sentencing phase, a new jury need not be empaneled.
Burr, 550 So.2d at 446-47. We adhere to this holding entirely as a matter of Florida law. Art. I, § 9, Fla. Const.; Perkins; Tedder. A new sentencing hearing shall be held in compliance with our prior holding in Burr, 550 So.2d at 446-47.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., and EHRLICH, Senior Justice, concur.
NOTES
[1] The trial court stated "that if the Williams Rules testimony admitted during this trial is found to have been improperly admitted then the sentence I impose today will be academic." Florida v. Burr, ___ U.S. ___, 110 S.Ct. 2608, 2608, 110 L.Ed.2d 629 (1990) (Stevens, J., dissenting).
[2] We need not, and therefore do not, reach the issue of what effect the nolle prosequi of a collateral crime has on the admissibility of or reliance on that collateral crime in the penalty phase of a capital trial. Our opinion today rests entirely on our opinion in State v. Perkins, 349 So.2d 161, 163-64 (Fla. 1977), which dealt solely with acquittal of a collateral crime.