PER CURIAM.
Juan Rivadeneira appeals from a judgment of conviction for battery. For the following reason, we reverse and remand for a new trial.
The Florida Supreme Court has unequivocally held that “evidence of crimes for which a defendant has been acquitted is not admissible in a subsequent trial.” State v. Perkins, 349 So.2d 161, 163-164 (Fla.1977). The trial court denied defendant’s motion in limine to exclude evidence of a prior D.U.I. charge, for which he was acquitted. Throughout defendant’s trial on the battery charge, the trial court repeatedly allowed the State, over defendant’s objections, to introduce evidence of the D.U.I. offense. Although defendant had been acquitted of that offense, the D.U.I. charge and the State’s characterizations of defendant as a drunkard became a feature of the trial.[1] The admission of this testimony cannot be deemed harmless, as we cannot conclude, beyond a reasonable doubt, that the error did not contribute to defendant’s conviction. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Reversed and remanded for further proceedings.[2]

. The State could have avoided running afoul of Perkins by simply eliciting testimony to explain defendant's presence at the scene of the altercation that led to the battery charge. Evidence of the D.U.I. charge was not necessary for that explanation.

. Because we reverse defendant’s conviction on the merits, we do not reach the sentencing issue.