DELL, J.
Garcia Hilaire appeals his conviction for possession of cocaine. He contends that the trial court erred by denying his motion for mistrial and by limiting voir dire. He also contends that his sentence under the Criminal Punishment Code is unconstitutional. Appellant has failed to demonstrate that the trial judge committed an abuse of discretion by limiting the time for voir dire, or that the Criminal Punishment Code is unconstitutional. However, the trial court erred when it denied appellant’s motion for mistrial based on the State’s introduction of evidence concerning a crime for which he had previously been acquitted. We reverse and remand for a new trial.
Two police officers saw appellant standing on a street corner with three or four other men at about 10:00 p.m. on January 13, 1999. When the men saw them and recognized them as police officers, the group began to disperse. The officers saw appellant drop a cylinder-shaped container, which was ultimately proved to contain cocaine. When one officer picked up this *405 container, appellant began to run. He escaped initially, but was apprehended later.
The State originally charged appellant with possession of cocaine and with battery on a law enforcement officer. The officer who pursued appellant testified that during his flight, appellant ran through a gate, stood behind the gate, and swung it at him, and that he fell to the ground. He testified that but for this action, he would have apprehended appellant at that time. He believed appellant intentionally swung the gate at him. Appellant testified that he fled because he knew there was a juvenile pickup order for him. He also testified that he did not swing the gate into the pursuing officer. Instead, he jumped the gate. This jury found appellant not guilty of battery on a law enforcement officer and the lesser included offense of battery. It was unable to reach a verdict on the possession charge.
During the retrial of appellant on the possession charge, the prosecutor elicited from the pursuing officer the following testimony:
Q. You mentioned something about the gate being closed on you. Can you explain that to the jury?
A. I was running behind the defendant and the gate swung into me.
Q. How did the gate swing at you?
A. The defendant swung it at me.
Defense counsel immediately moved for mistrial on the ground that the prosecutor introduced the factual basis of the crime of battery on a law enforcement officer, a charge on which appellant had previously been acquitted. The prosecutor argued that she was entitled to introduce testimony that appellant swung the gate at the officer, causing him to fall, because the evidence was relevant to prove appellant’s consciousness of guilt on the possession charge. The trial court denied appellant’s motion for mistrial on the ground that an intent to batter differs from intent to impede. The jury returned a verdict of guilty of possession of cocaine. The trial court sentenced appellant to five years in state prison.
Appellant argues that introduction of evidence that he swung the gate into the pursuing officer was barred by the principle of collateral estoppel. The doctrine of collateral estoppel is embodied in the double jeopardy provision of the Fifth Amendment. It means that “when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.” Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The doctrine precludes the State from seeking a rede-termination of evidentiary facts as well as ultimate facts in order to establish the fact of the crime charged. State v. Strong, 593 So.2d 1065, 1067 (Fla. 4th DCA), rev. denied, 602 So.2d 942 (Fla.1992).
Collateral estoppel may be employed to bar prosecution or argumentation of facts necessarily established in a prior proceeding, or it may be utilized to bar subsequent prosecution where one of the facts necessarily determined in the former trial is an essential element of the crime presently charged.
Id. at 1067. To exclude evidence under the principle of collateral estoppel, the issue sought to be litigated must be sufficiently similar to the issue presented in an earlier proceeding and sufficiently material in both actions to justify invoking the doctrine, the issue must have been actually litigated in the prior proceeding, and the issue must necessarily have been decided in the prior proceeding. United States v. Weems, 49 F.3d 528 (9th Cir.1995).
Article I section 9, Florida Constitution, also prohibits introduction of evi- *406 denee of crimes for which a defendant has been acquitted. Burr v. State, 576 So.2d 278 (Fla.1991).
We agree with Wingate [v. Wainwright, 464 F.2d 209 (5th Cir.1972) ] that it is fundamentally unfair to a defendant to admit evidence of acquitted crimes. To the extent that evidence of the acquitted crime tends to prove that it was indeed committed, the defendant is forced to reestablish a defense against it. Practically, he must do so because of the prejudicial effect the evidence of the acquitted crime will have in the minds of the jury in deciding whether he committed the crime being tried. It is inconsistent with the notions of fair trial for the state to force a defendant to resurrect a prior defense against a crime for which he is not on trial. Therefore, we hold that evidence of crimes for which a defendant has been acquitted is not admissible in a subsequent trial.
State v. Perkins, 349 So.2d 161, 163-64 (Fla.1977) (emphasis added).
The State argues that the prior acquittal could have been based upon a finding that appellant swung the gate at the pursuing officer, not with the intent to commit the crime of battery on a law enforcement officer, but with the intent to impede the officer’s pursuit. Section 784.03(l)(a), Florida Statutes (2000), provides:
The offense of battery occurs when a person:
1. actually and intentionally touches or strikes another person against the will of the other....
Section 784.07(2), Florida Statutes (2000), provides:
Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer ... while the officer ... is engaged in the lawful performance of his or her duties, the offense for which the person is charged shall be reclassified as follows:
[[Image here]]
(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
The question of what a defendant intends to accomplish by a battery is not an element of the crime under either statute. The critical element is the intent to touch or strike.
Appellant correctly points out that during the trial for battery on a law enforcement officer, there was no dispute about the fact that the pursuing officer was a law enforcement officer engaged in the lawful performance of his duty, or that appellant knew this fact. The only matters in dispute were whether appellant actually swung the gate, and intent. The officer testified that he believed appellant intentionally swung the gate into him. Appellant testified that he did not swing the gate at all, but rather jumped over it. The jury’s acquittal of appellant could have been based upon a finding that appellant did not swing the gate at all, or upon a finding that the contact occurred accidentally when appellant jumped the gate, without any intent to strike the officer. In either case the officer was collaterally estopped to testify that appellant swung the gate into him. Introduction of this evidence constituted reversible error.
Accordingly, we reverse appellant’s conviction for possession of cocaine, and remand for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
FARMER and HAZOURI, JJ., concur.