801 So.2d 276 (2001)
Tian PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-282.
District Court of Appeal of Florida, Fourth District.
December 12, 2001.
Carey Haughwout, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
*277 Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
During appellant's trial in which he was charged with battery on a law enforcement officer, the court admitted evidence of collateral crimes. After appellant's convictions he was acquitted of the charges based on the collateral crimes. The acquittal requires us to reverse for a new trial.
The evidence at issue was to the effect that, about ten days after the occurrence of the crime charged, appellant had threatened to kill the victim and her children. After appellant was convicted, he was charged with corruption by threat and tampering with a witness, based on the threats, but was acquitted of those charges.
The acquittal was brought to our attention by appellant in a motion to supplement the record, which was not opposed by the state. The state does not deny that appellant was acquitted of the collateral crimes, nor has it argued that we should not consider this fact, which is technically outside the record, on this direct appeal. We accordingly address it, as the Florida Supreme Court did under similar circumstances in Pomeranz v. State, 703 So.2d 465 n. 5 (Fla.1997).
In State v. Perkins, 349 So.2d 161, 163 (Fla.1977), the Florida Supreme Court held that the state may not present evidence of collateral crimes of which the defendant has been acquitted, explaining:
It is inconsistent with the notions of fair trial for the state to force a defendant to resurrect a prior defense against a crime for which he is not on trial.
In Perkins the acquittal of the collateral crimes had occurred prior to the trial at which the evidence of the collateral crimes had been admitted.
In Burr v. State, 576 So.2d 278 (Fla. 1991), the acquittal of collateral crimes had occurred after the trial, but the Florida Supreme Court held, on postconviction relief in a death penalty case, that the admission of evidence of the collateral crimes in the sentencing phase was error. The Burr court cited Perkins and explained that the holding of Perkins was based on Article I, section 9 of the Florida Constitution (due process, double jeopardy).[1]
We reverse for a new trial.
POLEN, C.J., and STEVENSON, J., concur.
NOTES
[1] Evidence of a crime for which a defendant had already been acquitted was held admissible in Amoros v. State, 531 So.2d 1256 (Fla. 1988), because it was extremely relevant to establish that the gun used in the murder charged was the same gun used by the defendant to kill someone on a prior occasion. Evidence was admitted that the defendant had been acquitted of the prior killing, and the jury was instructed to consider the prior shooting for the limited purpose of proving identity. Assuming Amoros, which distinguished Perkins, has not been silently overruled by Burr, we conclude that the present case is controlled by Burr. The state does not rely on Amoros.