982 So.2d 22 (2008)
Freddrick HINES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-4305.
District Court of Appeal of Florida, First District.
March 31, 2008.
Rehearing Denied May 19, 2008.
*23 Nancy A. Daniels, Public Defender; Steven L. Seliger and M.J. Lord, Assistant Public Defenders, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Terry P. Roberts, Assistant Attorney General, Tallahassee, for Appellee.
THOMAS, J.
Appellant appeals his convictions for robbery with a firearm and actual possession of a firearm by a convicted felon on March 3, 2002. Because the trial court abused its discretion by admitting into evidence Appellant's alleged possession of a firearm on March 21, 2002, a crime for which he was acquitted, we reverse. We do not consider the other issues Appellant raises, as we find this issue to be dispositive.

Facts and Procedural History
Appellant was arrested on March 21 at his girlfriend's apartment. That same day a crime scene investigator found a .357 gun in a barbeque grill outside the sliding glass door leading into the back of her apartment.
Appellant proceeded to trial on the following charges: grand theft of an automobile, possession of an illegal shotgun, fleeing in an attempt to elude law enforcement, and possession of a firearm by a convicted felon on March 21, based on both the shotgun found in the trunk of the car he was driving before his arrest and the .357 gun found in the grill. The trial court granted Appellant's motion for a judgment of acquittal on the charge of felony fleeing in an attempt to elude law enforcement.
The jury convicted Appellant of grand theft and possession of an illegal shotgun. The trial court then directed the jury to consider the charge of felon in possession of a weapon; the jury returned a verdict of not guilty, specifically rejecting that Appellant possessed a weapon either actually or constructively.
Following his acquittal on the possession charge, Appellant filed a motion in limine in the instant case to preclude the State from introducing the .357 found in the grill into evidence in this case. He argued that because he was acquitted, admission of this evidence was prohibited under State v. Perkins, 349 So.2d 161 (Fla.1977). The trial court denied his motion.
Appellant then proceeded to trial on the charges of armed robbery and possession of a firearm by a convicted felon which arose out of the March 3, 2003 events. The robbery victim testified at trial, identifying Appellant as the man who robbed him with a .357 on March 3. To show that Appellant had access to a .357 near the time this robbery occurred, the State introduced evidence that a .357 was found in the barbeque grill on March 21. It argued that on March 21, Appellant ran from the scene of a car accident, past the grill, and into his girlfriend's apartment through the sliding glass door. The State argued that an innocent man would not place a gun inside a barbeque grill. No evidence was presented to suggest that Appellant placed the gun inside the grill at any time other than March 21, the date for which he was acquitted of the possessions charge.

Legal Analysis
A trial court's ruling on the admissibility of evidence will not be reversed absent an abuse of discretion. Globe v. State, 877 So.2d 663, 673 (Fla.2004).
Appellant argues that evidence of his possession of the .357 shotgun on March 21 was impermissible because he had previously been acquitted of the charge. In Perkins, the supreme court *24 held that evidence of collateral crimes for which a defendant has been acquitted is not admissible in a subsequent trial. 349 So.2d at 163-64. The Perkins rule, however, precludes evidence of an acquitted collateral crime only when the prior verdict clearly decided in the defendant's favor the issue for which admission of the collateral crime is sought. Diaz v. State, 609 So.2d 1337, 1341 (Fla. 3d DCA 1992). When making this determination, a trial court should consider the record of the prior proceeding and conclude whether that jury could have grounded its verdict upon an issue other than that which the defendant now seeks to foreclose from consideration. Wingate v. Wainwright, 464 F.2d 209, 212 (5th Cir.1972).
The State argues that the jury in Appellant's first trial did not decide the issue for which admission of the collateral crime was sought, as it only introduced the .357 found in the grill to corroborate the victim's identification that he had been robbed by a man wielding a .357. By showing that Appellant might have placed the gun in the grill on March 21, the State argued that Appellant had access to it near the time of the March 3 robbery. We see little difference between access to a gun on March 21 and possession of it on March 21, especially in light of the evidence and testimony presented at both trials.
Considering the entire record of the proceedings in Appellant's first trial, as we must in order to determine whether the jury determined the ultimate issue for which admission of the gun was sought in the second trial, we conclude that the jury decided the ultimate issue in the first trial. In both trials the State presented evidence that on March 21, Appellant ran past the grill to enter his girlfriend's apartment, depositing the .357 in the grill; no other evidence was presented to show that he did this at some time other than March 21. The jury found that Appellant did not possess a weapon on March 21. Cf. State v. Wade, 435 So.2d 898, 899-900 (Fla. 1st DCA 1983) (reasoning that the jury in the appellant's first trial could have concluded that the appellant armed himself while outside the dwelling in convicting him only for burglary of a dwelling, rather than armed burglary; therefore, the gun could be admitted at a second trial on the felon in possession charge). Accordingly, the trial court abused its discretion in admitting the .357 into evidence.
The State argues that admission of the gun was harmless due to the victim's unequivocal identification of Appellant. We cannot agree that this evidence was harmless beyond a reasonable doubt, as it corroborated the victim's testimony that Appellant robbed him with a .357. See Cooper v. State, 778 So.2d 542, 545 (Fla. 3d DCA 2001); see also State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Accordingly, we reverse Appellant's conviction and remand for a new trial.
REVERSED and REMANDED.
POLSTON and HAWKES, JJ., concur.