983 So.2d 721 (2008)
Freddrick HINES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-0294.
District Court of Appeal of Florida, First District.
June 10, 2008.
Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, Thomas Winokur and Giselle Lylen Rivera, Assistant Attorneys General, Tallahassee, for Appellee.
WEBSTER, J.
In this direct criminal appeal, appellant seeks review of his conviction for robbery with a firearm, and the sentence imposed for that offense. He raises seven issues directed to his conviction and three issues directed to his sentence. We affirm without further discussion all but one of the issues directed to his conviction. However, because of what we perceive to be controlling precedent from our supreme court, we are constrained to reverse appellant's conviction, and to remand for a new trial. We also certify to our supreme court a question that we believe to be of great public importance. Because of our disposition, the issues directed to appellant's sentence are moot.

I.

A.
Appellant went to trial charged with robbery with a firearm that allegedly occurred on March 13, 2002. During its case-in-chief, the state presented evidence that, on March 21, 2002, appellant fled when approached by police, and that a police dog ultimately tracked appellant to appellant's girlfriend's apartment. The state also presented evidence that, pursuant to a search, police found a .357 revolver in a barbecue grill located next to the rear sliding glass door of appellant's girlfriend's apartment. The alleged victim testified that the gun had a barrel similar to that used by appellant to rob him. It is apparent from the record that the state offered the testimony regarding the .357 revolver in the hope that the jury would conclude that appellant had possession of the revolver on March 21st (the day it was found) and that, therefore, it was reasonable to infer that appellant had also possessed that revolver on March 13th (the date of the alleged robbery in this case). The jury found appellant guilty of robbery with a firearm, as charged, and the trial court sentenced appellant to life in prison, as a prison releasee reoffender.

*723 B.
After his trial and conviction in this case (and while this appeal was pending), appellant went to trial before a jury on a charge of possession of a firearm by a convicted felon based on the .357 revolver found on March 21, 2002, in the barbecue grill located next to the rear sliding glass door of appellant's girlfriend's apartment. The jury found appellant not guilty of that charge. Because appellant had stipulated to the fact that he was a convicted felon on March 21, 2002, the jury's verdict was necessarily based on the conclusion that appellant had not possessed the revolver on March 21st.

C.
In two other cases, appellant was tried after his acquittal on the possession of a firearm by a convicted felon charge on charges of robbery with a firearm and possession of a firearm by a convicted felon. In both cases, the state was permitted to present, over timely objections, evidence regarding the .357 revolver found in the barbecue grill in support of the state's contention that appellant had possessed a firearm at the time of those robberies (one of which occurred on March 3 and the other of which occurred on March 15, 2002). We have since reversed the convictions in both of those cases, and remanded for new trials. Hines v. State, 982 So.2d 22 (Fla. 1st DCA 2008); Hines v. State, 982 So.2d 1276 (Fla. 1st DCA 2008). However, our decisions in those two appeals are not directly controlling here because, in those two cases, appellant had been acquitted of the charge alleging possession of a firearm by a convicted felon on March 21, 2002, before his trials; whereas, here, the acquittal did not occur until after the trial. Moreover, in the two other cases, appellant timely objected to the evidence; whereas, here he did not because he could not (as the acquittal had not yet occurred at the time of the trial).

II.
In Hines v. State, 982 So.2d 22 (Fla. 1st DCA 2008), a different panel of this court concluded that the jury's acquittal of the charge of possession of a firearm by a convicted felon had been based on a determination by the jury that appellant did not possess the revolver on March 21, 2002. That being the case, the panel further concluded that the state was precluded from presenting evidence at a trial held subsequent to that acquittal intended to establish that appellant had possessed the revolver on that date. The panel based its decision on the holding in State v. Perkins, 349 So.2d 161 (Fla.1977).
Perkins had been tried and convicted of the attempted rape of a minor. Id. at 162. At his trial, the state was permitted to introduce evidence from a witness who claimed that Perkins had engaged in similar conduct as to her. Id. However, Perkins had been tried and acquitted of charges arising from that collateral incident. Id. On appeal, the Fourth District Court of Appeal reversed. Perkins v. State, 332 So.2d 649 (Fla. 4th DCA 1976). Our supreme court affirmed the reversal of Perkins' conviction, "hold[ing] that evidence of crimes for which a defendant has been acquitted is not admissible in a subsequent trial." 349 So.2d at 163-64. In arriving at its conclusion, our supreme court relied on the decision of the United States Supreme Court in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), which held that the doctrine of collateral estoppel was a requirement of due process of law embodied in the Fifth Amendment's guarantee against double jeopardy. In Ashe, the Court concluded that, when it is apparent that a previous judgment of acquittal was necessarily *724 grounded on a jury finding on the same issue which the state sought to introduce in a subsequent criminal prosecution, the introduction of such evidence is prohibited by the doctrine of collateral estoppel embodied in the Fifth Amendment guarantee against double jeopardy. Id. at 445, 90 S.Ct. 1189.

III.

A.
Of course, neither Perkins nor Ashe provides a direct answer to the question posed in this appeal, because here the acquittal occurred after the trial at which the evidence was offered. Although neither Perkins nor Ashe supplies a direct answer, we believe that another case decided by our supreme court does.
In Burr v. State, 576 So.2d 278 (Fla. 1991) (Burr II), the court was faced with the following factual scenario. Burr had been tried and convicted of the first-degree murder of a convenience store clerk, and sentenced to death. Burr v. State, 550 So.2d 444, 445 (Fla.1989) (Burr I). On direct appeal, the supreme court affirmed. Id. During the guilt phase of his trial, the state presented evidence from three other convenience store clerks that Burr had robbed them in a manner similar to that which had resulted in the murder for which he was tried. Id. That same evidence was also used by the trial judge during the penalty phase. Burr II, 576 So.2d at 279. Subsequently, Burr was acquitted of one of those other robberies. Burr I, 550 So.2d at 445. Following the affirmance of the denial of a motion made pursuant to Florida Rule of Criminal Procedure 3.850 (id.), and two separate trips to the United States Supreme Court both of which resulted in judgments vacating our supreme court's decisions and remanding for further consideration (Burr II, 576 So.2d at 279), our supreme court concluded that admission of the evidence regarding the convenience store robbery of which Burr was subsequently acquitted was error. Id. at 280. It held that, as to the guilt phase, the error was harmless based on the analysis mandated by State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Burr II, 576 So.2d at 280. However, it was unable to conclude that the error was harmless as to the penalty phase. Id. at 280-81. In reaching its conclusion that admission of the evidence had constituted error, the court relied on State v. Perkins. Id. at 279 n. 2, 280. It also said that its decision was based exclusively on Florida law, citing Perkins and article I, section 9, of the Florida Constitution. Id. at 281.

B.
The offense of possession of a firearm by a convicted felon consists of two elements: (1) prior conviction of a felony and (2) knowingly owning or having a firearm in one's care, custody, possession or control. § 790.23(1)(a), Fla. Stat.; Fla. Std. Jury Instr. (Crim.) 10.15. At the trial resulting in his acquittal of that charge, appellant stipulated to the fact that he was a convicted felon on March 21, 2002, the date of the alleged offense. Accordingly, of necessity the jury must have concluded that appellant did not own or have the .357 revolver in his care, custody, possession or control on that date. This is the same fact which the state was attempting to prove by the evidence offered in this case. Therefore, it seems to us that Burr II is directly controlling here. Although the state makes a number of arguments in support of its position that Burr II is not controlling, we find all of them unpersuasive.

C.
The state contends, first, that the issue was not preserved for review. As we have *725 already noted, it could not have been preserved because the acquittal did not occur until after appellant's trial and conviction in this case. Next, the state argues that the evidence was not collateral crime evidence but, rather, was inextricably intertwined with the armed robbery charge in this case and, therefore, relevant. That argument has already been rejected in Hines v. State, 982 So.2d 22 (Fla. 1st DCA 2008), and we again reject it here. The state also argues that, even if admission of the evidence was error, it was harmless. That argument was also rejected in Hines, and we reject it here for the same reason. Finally, the state argues that, if Burr II does control, it mandates that appellant wait and make this claim in a postconviction proceeding pursuant to Florida Rule of Criminal Procedure 3.850. While it is true that the issue was raised in a postconviction proceeding in Burr, we can find nothing in the opinion that mandates such an approach. All of the relevant portions of the record in the trial resulting in appellant's acquittal were made a part of the record in this appeal, and we can perceive no good reason not to address the issue now. Moreover, we note that the Fourth District did precisely that in Perez v. State, 801 So.2d 276 (Fla. 4th DCA 2001), reversing Perez' conviction based on Burr II.

IV.
Accordingly, we conclude, as did the Fourth District in Perez, that Burr II requires that we reverse appellant's conviction and remand for a new trial. Although we do so, we are troubled by the apparent illogic of such a result. Therefore, we express our concern for the benefit of our supreme court, and certify a question we believe to be of great public importance. See, e.g., Hoffman v. Jones, 280 So.2d 431, 434 (Fla.1973) (while district courts of appeal are not free to disregard precedent established by our supreme court, they are free to state their reasons for advocating change and to certify questions believed to be of great public importance).
As previously discussed, Burr II relied exclusively on Perkins, and Perkins, in turn, relied on the decision of the United States Supreme Court in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), which held that the doctrine of collateral estoppel was a requirement of due process of law embodied in the Fifth Amendment's guarantee against double jeopardy. However, as the Court pointed out in Ashe, "`[c]ollateral estoppel' . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Id. at 443, 90 S.Ct. 1189 (emphasis added). The doctrine of collateral estoppel does not require reversal of a prior lawsuit because an issue of ultimate fact necessary to the outcome of that lawsuit was determined differently in a subsequent lawsuit. Such being the case, it does not appear to us that the authority relied on in Burr II for the result reached provides any support for that result. While policy arguments might be made both for and against the result in Burr II, it seems to us that, ultimately, the result must rest on a choice from among the countervailing policy considerations, rather than on constitutional considerations. One such important policy consideration, it seems to us, is the need for finality in judgments. While relatively little appears to have been written on this topic, the various opinions in United States v. Standefer, 610 F.2d 1076 (3d Cir.1979) (en banc), affirmed, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980), afford some insight regarding the relevant policy considerations. Accordingly, while we reverse appellant's conviction and remand for a *726 new trial, we also certify to our supreme court the following question, which we believe to be of great public importance:
IS REVERSAL OF A PRIOR CRIMINAL CONVICTION REQUIRED BECAUSE AN ISSUE OF ULTIMATE FACT NECESSARY TO THE OUTCOME OF THE TRIAL OF THE PRIOR CASE IS DETERMINED DIFFERENTLY IN A SUBSEQUENT PROSECUTION?

V.
In summary, because appellant was subsequently acquitted by a jury in another prosecution of possession on March 21, 2002, of a firearm by a convicted felon, we conclude that the admission of evidence in the trial of this case that appellant possessed the .357 revolver on March 21, 2002, requires reversal of appellant's conviction and remand for a new trial. We affirm without discussion all of the other issues directed to his conviction raised by appellant. Because of our disposition, the issues directed to appellant's sentence are moot.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
DAVIS and HAWKES, JJ., concur.