DAMOORGIAN, J.
Emmory Moore appeals his conviction and sentence for one count of armed kidnapping, one count of carjacking with a firearm, one count of burglary of a dwelling while armed, one count of robbery with a firearm, and one count of aggravated battery with a deadly weapon. We reverse and remand for a new trial.
By way of background, Moore was charged and tried for his alleged involvement in a violent robbery and kidnapping. During Moore’s trial, the court admitted evidence of a collateral crime in order to rebut the defense’s argument of mistaken identity. Prior to admitting the evidence, the court held an evidentiary hearing where it determined that there was clear and convincing evidence proving that Moore committed the collateral crime. The jury found Moore guilty of all charges, and Moore was sentenced to life in prison.
After Moore’s convictions in this case, Moore was acquitted of the charges based on the collateral crime. Moore now challenges his conviction and sentence, arguing that his due process and double jeopardy rights were violated when the court introduced evidence of a collateral crime for which he was subsequently acquitted. The acquittal of the charges based on the collateral crime compels us to reverse for a new trial.
The instructive law originates in our supreme court’s holding in Burr v. State, 576 So.2d 278 (Fla.1991) (Burr II). There, the defendant was tried and convicted of first degree murder for killing a convenience store clerk during the commission of a robbery. Burr v. State, 550 So.2d 444, 445 (Fla.1989) (Burr I). During the trial, three other convenience store clerks testified that the defendant robbed them in a similar manner to the clerk who was ultimately killed. Id. Subsequently, the defendant was acquitted of one of the collateral convenience store robberies. Id. Relying on another Florida Supreme Court case where the court held it was error to introduce a collateral crime for which the defendant had previously been acquitted, the Burr II court held that it was also error to admit evidence of a collateral crime for which the defendant was subsequently acquitted. Burr II, 576 So.2d at 280 (citing State v. Perkins, 349 So.2d 161, 163-64 (Fla.1977)).
In Perez v. State, 801 So.2d 276 (Fla. 4th DCA 2001), this Court was faced with the same issue presented here by Moore. There, we held that Burr II compelled reversal when the trial court admitted evidence of a collateral crime for which the defendant was subsequently acquitted. Id. at 277. The First District followed suit, holding that Burr II requires reversal when evidence of a collateral crime is presented at trial and the defendant is subsequently acquitted of the collateral crime. Hines v. State, 983 So.2d 721, 725 (Fla. 1st DCA 2008). However, it did not arrive at its conclusion lightly, reasoning:
Accordingly, we conclude, as did the Fourth District in Perez, that Burr II requires that we reverse appellant’s conviction and remand for a new trial. Although we do so, we are troubled by the apparent illogic of such a result....
As previously discussed, Burr II relied exclusively on Perkins, and Perkins, in turn, relied on the decision of the United *609 States Supreme Court in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), which held that the doctrine of collateral estoppel was a requirement of due process of law embodied in the Fifth Amendment’s guarantee against double jeopardy. However, as the Court pointed out in Ashe, “ ‘[cjollat-eral estoppel’ ... means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.” (emphasis added). The doctrine of collateral estoppel does not require reversal of a prior lawsuit because an issue of ultimate fact necessary to the outcome of that lawsuit was determined differently in a subsequent lawsuit. Such being the case, it does not appear to us that the authority relied on in Burr II for the result reached provides any support for that result. While policy arguments might be made both for and against the result in Burr II, it seems to us that, ultimately, the result must rest on a choice from among the countervailing policy considerations, rather than on constitutional considerations. One such important policy consideration, it seems to us, is the need for finality in judgments.
Id. at 725 (internal citations omitted).
The First District then certified a question of great public importance regarding the holding of Burr II to our supreme court. Id. The supreme court accepted jurisdiction only to relinquish it two years later. State v. Hines, 990 So.2d 1060 (Fla.2008) (accepting jurisdiction); State v. Hines, 26 So.3d 1289 (Fla.2010) (discharging jurisdiction). We share the First District’s concern with the rule created by Burr II, especially in light of the fact that a trial court cannot admit evidence of a collateral crime without first determining that the defendant’s involvement in the collateral crime is proven by clear and convincing evidence. McLean v. State, 934 So.2d 1248, 1262 (Fla.2006) (“[Bjefore even considering whether to allow evidence of prior acts to be presented to the jury, the trial court must find that the prior acts were proved by clear and convincing evidence.”). However, because Burr II is controlling and our supreme court has declined to alter its holding, we must reverse.

Reversed and Remanded.

TAYLOR, J., and CORLEW, REGINALD, Associate Judge, concur.