[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10403
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cv-00528-HLA-JBT


REGINALD E. JONES,

Petitioner-Appellant,

versus


SECRETARY DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 8, 2013)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Reginald E. Jones, a Florida state prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus.  Of relevance to this appeal, Jones § 2254 petition asserted that the state trial court's denial of his motion for a judgment of acquittal at his trial violated his federal due process rights.  The district court denied his petition. On appeal, Jones argues that the district court erred because the state court's decision was based on an unreasonable determination of the facts because the state did not prove that he had knowledge of the gun's existence.

We review *de novo* the district court's determination about whether the state court acted contrary to clearly established federal law, unreasonably applied federal law, or made an unreasonable determination of fact.  *Owen v. Fla. Dep't of Corr.*, 686 F.3d 1181, 1192 (11th Cir. 2012).  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts cannot grant federal habeas relief unless the state court's decision was (1) contrary to, or an unreasonable application of, clearly established federal law as defined by Supreme Court precedent or (2) based on an unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d).  A state court's decision is contrary to federal law if the state court reaches a conclusion opposite to that reached by the Supreme Court on a question of law, or if it decides a case with materially indistinguishable facts differently than the Supreme Court.  *Owen*, 686 F.3d

2

at 1192 n.14.  We liberally construe *pro se* pleadings seeking habeas relief.  *Green v. Nelson*, 595 F.3d 1245, 1254 n.4 (11th Cir. 2010).

The Due Process Clause of the Fourteenth Amendment requires the state to prove each element of the offense charged beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 315, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979).  Under *Jackson*, federal courts must look to state law for the substantive elements of the criminal offense, but to federal law for the determination of whether the evidence was sufficient under the Due Process Clause.  *Coleman v. Johnson*, 566 U.S. __, __, 132 S.Ct. 2060, 2064, 182 L.Ed.2d 978 (2012).  Florida law states that possession of a gun by a convicted felon consists of two elements: (1) a prior felony conviction, and (2) knowingly owning or having a gun in one's care, custody, possession, or control.  Fla. Stat. § 790.23(1)(a); *see Hines v. State*, 983 So.2d 721, 724 (Fla. Dist. Ct. App. 2008).  For federal sufficiency review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789 (quotation omitted).

The Supreme Court in *Johnson* explained that there are two layers of judicial deference in federal habeas proceedings.  *Johnson*, 566 U.S. at __, 132 S.Ct. at 2062.  First, a reviewing court on direct appeal may only set aside the jury's

3

verdict for insufficient evidence if no rational trier of fact could have agreed with the jury. *Id.* Second, a federal habeas court may only overturn the state court decision if it was objectively unreasonable. *Id.* The Court went on to explain that the only question for the reviewing state court under *Jackson* is "whether the finding was so insupportable as to fall below the threshold of bare rationality." *Id.* at __, 132 S.Ct. at 2065. That determination in turn is entitled to considerable deference under AEDPA. *Id.*

Having reviewed the record, we find the evidence in this case was sufficient to support the state court's denial of Jones's motion for a judgment of acquittal for the charge of being a felon in possession of a gun. Based on all the facts presented, the jury could have reasonably concluded that Jones had knowledge of the gun in the automobile and viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789.

**AFFIRMED.**