DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VICTORIA TERESA JACOBS** a/k/a **VICTORIA TERESA RUBIN,**
Appellant,

v.

**ATLANTIC COAST REFINING, INC.** d/b/a **ACR INDUSTRIES,**
Appellee.

No. 4D12-3058

[May 13, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Meenu T. Sasser, Judge; L.T. Case No. 502010CA028416.

Amy D. Shield and Roger Levine of Amy D. Shield, P.A., Boca Raton, for appellant.

Jesmany Jomarron and Robin F. Hazel of Espinosa Jomarron, Miami, for appellee.

FORST, J.

Appellant Victoria Jacobs appeals an entry of judgment against her in a civil theft action brought by Appellee Atlantic Coast Refining ("ACR"), a corporation held solely by her former boyfriend, Anthony Arbanas. Among other issues, Appellant argues the trial court erred by admitting evidence of a prior, unrelated motion and settlement agreement. For the reasons set forth below, we agree with Appellant and hereby reverse the entry of judgment against her and remand for further proceedings.

**Background**

Appellant and Arbanas began their romantic involvement in early 2005. Soon thereafter, the couple began living together in Arbanas's home, with a system in place for distributing the financial burdens of the shared household between them. However, this system was apparently imperfect, as the couple now disagrees about who was responsible for paying Appellant's credit card bills. In addition to the romantic relationship between Appellant and Arbanas, Appellant was hired as a part-time bookkeeper for ACR. As part of her duties for the company, Appellant

managed payroll and was authorized to sign checks for the payment of vendors.

By 2008, other ACR bookkeepers noticed irregularities in the company's accounts. An investigation revealed that approximately $405,000 had been paid to Appellant or her credit card account via checks that were coded into ACR's financial records as shareholder distributions to Arbanas. While ACR and Arbanas contend these payments to Appellant constituted embezzlement of corporate funds, Appellant insists she was authorized to make these payments and was instructed to change the account books.

After the couple broke up in 2010, ACR sued Appellant, alleging civil theft, conversion, and other causes of action. Discovery in this case proved contentious, and the parties required a good deal of judicial assistance during the pretrial period. However, for the purposes of this appeal, we will focus solely on the trial court's denial of a motion in limine to prevent reference to, or evidence of, a prior lawsuit between Appellant and her previous husband, Dr. Rubin.

Much like the situation between Appellant and Arbanas, Appellant was both romantically and professionally involved with Dr. Rubin. During her marriage to Dr. Rubin, and continuing after their divorce, Appellant worked as the bookkeeper for his medical office. After their divorce, a post-dissolution motion ("the Rubin motion") was filed on behalf of Dr. Rubin against Appellant, alleging she embezzled considerable sums of money from his business by writing checks to herself, but entering the payments into the account books as customer refunds. This claim was never subjected to the rigors of trial, as Appellant and Dr. Rubin entered into a settlement agreement. However, in the course of the trial in the instant case, ACR sought to introduce the Rubin motion and checks written by Appellant into evidence to show knowledge, preparation, plan, and identity. Appellant filed a motion in limine to prohibit the introduction of the Rubin motion as improper character evidence, arguing that the prejudicial effects of this evidence would substantially outweigh its probative value. During a recess in the trial, Dr. Rubin was deposed. He repudiated the allegations in the motion, asserted that he was unaware of the contents of the motion made in his name and filed by his son and opined that, upon review, Appellant's actions "seemed appropriate." Nonetheless, the trial court denied Appellant's motion in limine.

Despite Dr. Rubin's deposition retraction of the allegations put forth in the Rubin motion, during the trial Appellant was questioned regarding the facts of that motion. ACR's counsel read parts of the motion to the jury,

including the allegations of Appellant's alleged embezzlement. ACR went as far as to state, before the jury, that the Rubin motion had been established as "scandalous." Because this previous motion was now being presented to the jury as evidence in this case, Appellant was forced to defend herself against the prior allegations, despite the fact none of the records to prove or disprove the allegations set forth in the Rubin motion still existed. Appellant called multiple witnesses to explain her actions in Dr. Rubin's office and in responding to the motion, including her attorney in that case. This discussion of the Rubin motion led to a question by the jury regarding the outcome of that case.

Ultimately, in the instant case, the jury concluded that Appellant impermissibly took funds from ACR and awarded the company damages of approximately $304,000, seventy-five percent of the complaint value. Appellant's motion for new trial was denied and a final judgment trebling the damage award was entered for $912,654.18, plus interest. Appellant now appeals the judgment.

## Analysis

Under the Florida Rules of Evidence,

> Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

§ 90.404(2)(a), Florida Statutes (2013). "To be relevant, evidence must tend to prove or disprove a material fact." *Thigpen v. United Parcel Servs., Inc.*, 990 So. 2d 639, 646 (Fla. 4th DCA 2008). In this case, because Dr. Rubin, as well as Appellant, rejected the allegations set forth in the Rubin motion, and there was no verdict rendered (as the case was settled), evidence of the charges set forth in that motion was incapable of proving or disproving any material fact. Additionally, even if the veracity of the motion was still in question, such prior act evidence is admissible only for particular purposes. Here, by reading directly from the Rubin motion and telling the jury that these allegations were "scandalous," the introduction of the prior (unproven) allegations inherently encouraged the jury to speculate on Appellant's character and propensity to commit the particular act with which she now stood accused.

Assuming, arguendo, the Rubin motion was relevant to proving a

3

material fact in this trial, "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403, Florida Statutes (2013). Whatever probative value the Rubin motion and checks may have had was substantially outweighed by the danger of unfair prejudice to the Defendant. There was little probative value in the Rubin motion as "[the motion] contained bare allegations against the [Appellant] in the form of rank hearsay," similar to a prior civil complaint the Fifth District held to be unfairly prejudicial in *Long Term Care Foundation, Inc. v. Martin*, 778 So. 2d 1100, 1103 (Fla. 5th DCA 2001).

Because the prior case was settled, none of the allegations therein were proven. Additionally, as the motion was dealt with several years prior, none of the parties retained the records Appellant needed to prove the falsity of the Rubin motion. "It is inconsistent with the notions of fair trial for the state to force a defendant to resurrect a prior defense against a crime for which [the defendant] is not on trial." *State v. Perkins*, 349 So. 2d 161, 163 (Fla. 1977). While *Perkins* held evidence of prior acquittals was inadmissible in a subsequent criminal trial, the underlying rationale holds true in this case. It is fundamentally unfair to force Appellant to resurrect a defense to a case she had settled years earlier when the facts of the earlier accusation are not at issue and, in fact, have been disputed by the individual in whose name the motion was filed.

"[E]ven if relevant, a trial court may not permit the collateral crime evidence to become an impermissible feature of the trial." *Durousseau v. State*, 55 So. 3d 543, 551 (Fla. 2010). "Collateral crimes evidence becomes a feature of the trial when inquiry into the collateral crimes transcends the bounds of relevancy to the charge being tried and the prosecution devolves from development of facts pertinent to the main issue of guilt or innocence into an assault on the character of the defendant." *Seavey v. State*, 8 So. 3d 1175, 1177 (Fla. 2d DCA 2009) (internal quotations and citation omitted). Here, the Rubin allegations required questions of at least three witnesses, even though the answers of two of these individuals were wholly irrelevant to the actual issues in the instant case. Moreover, ACR discussed the Rubin allegations in its closing argument. The Rubin motion prompted a jury question and resulted in over one hundred pages of trial transcript. Introduction and discussion of the Rubin motion may not have been the featured event in the trial, but it played a prominent role and thus its prejudicial impact cannot be deemed to be "harmless."

Appellant clearly (and rationally) felt the need to defend herself against the Rubin motion once her motion in limine was denied. Thus, addressing

the allegations set forth in that motion took on the nature of a trial within a trial, substantially distracting the jury from the issues at hand. *See Slocum v. State,* 757 So. 2d 1246, 1251 (Fla. 4th DCA 2000) ("To open the door to evidence about an unrelated case was to create a trial within a trial; there was a risk that the trial would be needlessly lengthened and that the additional evidence would obscure the discovery of the truth.").

## Conclusion

The trial court erred by allowing the introduction of evidence regarding the Rubin motion, particularly after Dr. Rubin himself disputed and/or contradicted the motion's charges. These collateral *allegations* were nonetheless put forth to present improper character evidence against Appellant and were considerably more prejudicial to Appellant's defense than they were probative of any material fact. Additionally, the discussion surrounding the Rubin motion substantially distracted the jury from the consideration of the allegations in this particular case. Therefore, we reverse the entry of final judgment against Appellant and remand this cause of action to the trial court for new trial.

*Reversed and remanded for new trial.*

GERBER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***